UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUIE CHANDLER<br><br>　　　　Plaintiff,<br><br>v.<br><br>INDYMAC BANK, F.S.B.; et al.,<br><br>　　　　Defendants. | 3:10-cv-0769-LRH-RAM<br><br>ORDER |

Before the court is defendant NDeX West LLC's ("NDeX") motion to dismiss (Doc. #9) to which defendants LSI Title Agency ("LSI"); Ticor Title of Nevada, Inc. ("Ticor Title"); and Stanley Silva ("Silva") joined (Doc. ##13, 20). Plaintiff Jacquie Chandler ("Chandler") filed an opposition (Doc. #14) to which NDeX replied (Doc. #18).

Also before the court are defendant OneWest Bank, FSB's ("OneWest") motion to dismiss (Doc. #19) and motion to expunge lis pendens (Doc. #35) and defendant Stewart Title Guaranty Company's ("Stewart Title") motion to dismiss (Doc. #38).

Finally before the court is plaintiff Chandler's motion to file late response. Doc. #47.

**I.   Facts and Procedural History**

In February, 2006, Chandler purchased real property through a mortgage note and deed of trust originated and executed by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Chandler defaulted on the mortgage note and defendants initiated non-judicial foreclosure

proceedings.

Subsequently, Chandler filed a complaint against defendants alleging six causes of action: (1) violation of state foreclosure laws, NRS 107.080; (2) fraud in the inducement; (3) unjust enrichment; (4) breach of good faith and fair dealing; (5) slander of title; and (6) abuse of process. Doc. #1, Exhibit A. Thereafter, defendants filed the present motions to dismiss. Doc. ##9, 19, 38.

## II.   Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.     Discussion**

    **A. Violation of NRS 107.080**

Chandler argues that the notice of default filed by NDeX was defective and therefore void for two reasons. First, the notice of default was defective because it accelerated her loan but did not provide her an opportunity to cure the amount of her default. Second, the notice of default was recorded on behalf of NDeX who was not the trustee at the time the notice of default was filed.

    **1. Cure**

Chandler claims that the notice of default did not provide her an opportunity to cure her default. However, the notice of default states that, "you may have the right to cure the default hereon and reinstate the obligation secured by said Deed of Trust above described. [NRS 107.080] permits certain defaults to be cured upon the payment of that portion of principal with interest, which would not be due had no default occurred. This amount is $15,468.29 . . ." Doc. #1, Exhibit A, p.52. Thus, the notice of default provided Chandler with a way to cure her default prior to the filing of the notice of trustee's sale. Therefore, the notice of default was proper.

    **2. Recording of the Notice**

Nevada law authorizes parties other than the original mortgage company to begin non-judicial foreclosure proceedings. *See* NRS 107.080(2)(b); NRS 107.080(4). However, it is a

1  statutory defect in a non-judicial foreclosure for an entity that is not yet the beneficiary, trustee, or
2  an agent of one of these entities to record the notice of default. NRS 107.080(2)(c).
3        Here, Chandler alleges that the notice of default was recorded by NDeX on August 10,
4  2010, even though it was not substituted as trustee until September 29, 2010. Therefore, Chandler
5  alleges that NDeX's recording of the notice of default is a statutory violation of NRS 107.080.
6        In its motion to dismiss, NDeX argues that it was an authorized agent for the beneficiary at
7  the time it recorded the notice of default, and as such, it was legally entitled to record the notice.
8  However, there is no evidence before the court that NDeX was an authorized agent of the
9  beneficiary. Therefore, the court finds that, based on the allegations in the complaint, Chandler has
10 sufficiently alleged a claim against NDeX for violation of NRS 107.080.
11       As to the remaining moving defendants, the court finds that Chandler has failed to state a
12 claim for violation of NRS 107.080 because they did not cause the notice of default to be recorded.

**B. Fraud in the Inducement**

14 "In alleging fraud or mistake, a party must state with particularity the circumstances
15 constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading
16 requirements a plaintiff must specify the time, place, and content of the misrepresentation as well
17 as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th
18 Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a
19 plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).
20       Here, Chandler alleges that defendant IndyMac intentionally misled her into the loan by
21 making her believe that she qualified for the loan under standard residential loan underwriting
22 practices. However, Chandler fails to specifically allege who failed to provide information or what
23 information was not provided. Further, Chandler fails to allege any facts to support a claim for
24 fraud in the inducement against moving defendants who were not a party to origination of the loan.
25 Moving defendants include the successor trustee (NDeX), the title recordation companies (Ticor
26

Title, LSI, and Silva), the original trustee (Stewart), and the loan servicer (OneWest). None of these defendants were alleged to have made any misrepresentations during the loan origination process. Therefore, the court finds that Chandler's allegations are insufficient to support her claim for fraud.

**C. Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was an express written contract, namely, the deed of trust and mortgage note, which guides the interactions, obligations, and rights of the respective parties. As such, Chandler cannot make a claim in equity for actions that are controlled by a contract to which she is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

**D. Breach of the Covenant of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenants of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between Chandler and the moving defendants. The only contract

at issue is the mortgage note originated by defendant IndyMac. Further, even assuming that the moving defendants are either in privity with IndyMac bank or subject to the contract terms, Chandler has failed to allege how defendants breached their duty of good faith in carrying out a contractually agreed upon non-judicial foreclosure upon her default. Therefore, the court finds that Chandler has failed to allege a sustainable claim for breach of the covenants of good faith and fair dealing.

**E. Slander of Title**

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Chandler's title. First, Chandler concedes that she was in default on her loan. Thus the notice of default, although allegedly recorded before NDeX was authorized to do so, does not make a false statement about her title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Chandler has failed to state a claim for slander of title.

**F. Abuse of Process**

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that Chandler has failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of her default on the mortgage note. Therefore, the court finds that Chandler has failed to

state a claim for abuse of process. Accordingly, the court shall grant moving defendants' motions to dismiss as to this issue.

**G.  Motion to Expunge Lis Pendens**

Because the court finds that Chandler has sufficiently stated a cause of action against defendant NDeX for failure to comply with the recording requirements of NRS 107.080, the court cannot grant defendant OneWest's motion to expunge the recorded lis pendens. However, the court shall deny the motion without prejudice pending resolution of the remaining cause of action.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #9) is GRANTED in-part and DENIED in-part. Defendant NDeX West LLC is DISMISSED as a defendant as to all causes of action in the complaint except for plaintiff's first cause of action for violation of NRS 107.080.

IT IS FURTHER ORDERED that defendants' joinder to defendant's motion to dismiss (Doc. ##13, 20); motion to dismiss (Doc. #19); and motion to dismiss (Doc. #38) are GRANTED. Defendants LSI Title Agency; Ticor Title of Nevada, Inc.; Stanley Silva; OneWest Bank, FSB; and Stewart Title Guaranty Company are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #35) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a late document (Doc. #47) is GRANTED nunc pro tunc.

IT IS SO ORDERED.

DATED this 10th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE