UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUIE CHANDLER,<br><br>        Plaintiff,<br><br>v.<br><br>INDYMAC BANK, F.S.B.; et al.,<br><br>        Defendants. | 3:10-cv-0769-LRH-RAM<br><br>ORDER |

Before the court is defendant OneWest Bank, FSB's ("OneWest") motion for reconsideration denying its motion to expunge lis pendens (Doc. #56[1]). Doc. #57.

**I.  Facts and Procedural History**

In February, 2006, Chandler purchased real property through a mortgage note and deed of trust originated and executed by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Chandler defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Chandler filed a complaint against defendants alleging six causes of action: (1) violation of state foreclosure laws, NRS 107.080; (2) fraud in the inducement; (3) unjust enrichment; (4) breach of good faith and fair dealing; (5) slander of title; and (6) abuse of process.

---

[1] Refers to the court's docket number.

1  Doc. #1, Exhibit A. In response, defendants filed a series of motions to dismiss (Doc. ##9, 19, 38)

2  and OneWest filed a motion to expunge lis pendens (Doc. #35).

3         On May 11, 2011, the court granted in-part and denied in-part the various motions to

4  dismiss and denied OneWest's motion to expunge the lis pendens holding that "[b]ecause the court

5  finds that Chandler has sufficiently stated a cause of action against defendant [NdeX West, LLC]

6  for failure to comply with the recording requirements of NRS 107.080, the court cannot grant

7  defendant OneWest's motion to expunge the recorded lis pendens." Doc. #56. Thereafter, OneWest

8  filed the present motion for reconsideration. Doc. #57.

9  **II.   Discussion**

10         OneWest brings its motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

11  Rule 59(e) provides that a district court may reconsider a prior order where the court is presented

12  with newly discovered evidence, an intervening change of controlling law, manifest injustice, or

13  where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*,

14  147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5

15  F.3d 1255, 1263 (9th Cir. 1993).

16         In its motion, OneWest argues that the court erred in denying its motion to expunge the lis

17  pendens because there is no longer any basis to support Chandler's recordation of a lis pendens in

18  this action. *See* Doc. #57.

19         The court has reviewed the documents and pleadings on file in this matter and agrees. A lis

20  pendens may be maintained against a property if the relief that a plaintiff may receive if she

21  prevails in her claim will affect the title or possession of the underlying property. NRS § 14.015(3).

22  Here, the only remaining cause of action is against defendant NdeX West, LLC for alleged

23  violations of the recording statute, NRS § 107.080. *See* Doc. #56. The remedy for a violation of the

24  recording statute when, as here, there has not been a sale of the underlying property is a fine and a

25  requirement that a new notice of default be recorded before a trustee's sale may be undertaken. *See*

26

NRS § 107.080 *et seq*. Thus, the title and possession of the underlying property are unaffected by any relief Chandler obtains on this claim. Therefore, the court finds that there is no basis to maintain a lis pendens in light of the sole remaining cause of action. Accordingly, the court shall grant OneWest's motion for reconsideration.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #57) is GRANTED. Defendant OneWest Bank F.S.B. shall have up to ten (10) days from entry of this order to prepare and file an appropriate order expunging the lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 15th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3