UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUIE CHANDLER,<br><br>    Plaintiff,<br><br>v.<br><br>INDYMAC BANK, F.S.B.; et al.,<br><br>    Defendants. | 3:10-cv-0769-LRH-RAM<br><br>ORDER |

Before the court is defendant NDeX West LLC's ("NDeX") motion for summary judgment. Doc. #84. Plaintiff Jacquie Chandler ("Chandler") filed an opposition (Doc. #93) to which NDeX replied (Doc. #96).

**I.   Facts and Procedural History**

In February, 2006, Chandler purchased real property through a mortgage note and deed of trust originated and executed by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Chandler defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Chandler filed a complaint against defendants alleging six causes of action: (1) violation of state foreclosure laws, NRS 107.080; (2) fraud in the inducement; (3) unjust enrichment; (4) breach of good faith and fair dealing; (5) slander of title; and (6) abuse of process. Doc. #1, Exhibit A. In response, defendants filed various motions to dismiss. Doc. ##9, 19, 38.

On May 11, 2011, the court granted in-part and denied in-part the various motions to dismiss. Doc. #56. In particular, the court granted the motions to dismiss as to all defendants except for NDeX, and granted NDeX's motion to dismiss as to all claims except for Chandler's first cause of action for violation of NRS 107.080. *Id*. Thereafter, NDeX filed the present motion for summary judgment as to the one remaining cause of action, violation of NRS 107.080. Doc. #84.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.  Discussion

#### A. Violation of NRS 107.080

In her complaint, Chandler alleges that the notice of default filed by NDeX was defective because it was recorded on behalf of NDeX who was not the trustee at the time the notice of default was filed. *See* Doc. #1, Exhibit A. In the court's order denying NDeX's motion to dismiss, the court found that Chandler has sufficiently alleged a violation of NRS 107.080(2)(c) because there was "no evidence before the court that NDeX was an authorized agent of the beneficiary" at the time that it recorded the notice of default. Doc. #56. In response, NDeX filed the present motion for summary judgment arguing that, at the time it recorded the notice of default, it was acting as an agent for the beneficiary Deutsche Bank. *See* Doc. #84.

The court has reviewed the documents and pleadings on file in this matter and finds that the evidence before the court establishes that defendant NDeX was acting as an agent for the beneficiary when it recorded the underlying notice of default. NDeX had authorization to initiate the non-judicial foreclosure proceedings against Chandler from OneWest Bank, the loan servicer on behalf of Deutsche Bank. *See* Doc. #85, Boyle Affidavit, ¶6; Doc. #85, Pummill Affidavit, ¶5-7. Further, Chandler has failed to provide any evidence in opposition to the motion for summary judgment showing that NDeX was not authorized by the beneficiary, or any other agent for the beneficiary, to record the underlying notice of default. Therefore, the court finds that NDeX was authorized the record the underlying notice of default pursuant to NRS 107.080 and shall grant the motion for summary judgment accordingly.

///

3

1    IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #84)
2 is GRANTED. The clerk of court shall enter judgment in favor of defendant NDeX West, LLC
3 against plaintiff Jacquie Chandler as to plaintiff's remaining cause of action for violation of
4 NRS 107.080.
5    IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Doc. #72); motion
6 for summary judgment (Doc. #83); and defendant's motion for partial summary judgment
7 (Doc. #75) are DENIED.
8    IT IS SO ORDERED.
9    DATED this 11th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE